UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WILLIAM J. MURRAY,

          Plaintiff,                    **ORDER**

    v.                                        16-CV-6525

TOM TANEA, et al.,

          Defendant.
_____

Pursuant to the Order of the Hon. David G. Larimer referring the above case to the undersigned for pretrial procedures and the entry of a Scheduling Order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a), and a conference having been held on **January 25, 2017** with parties relative to the matter, it is ORDERED that:

1. Defendants shall file any motion for judgment on the pleadings no later than **February 8, 2017.** Such a motion shall be made returnable before Judge Larimer. **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

2. Plaintiff's pending "Motion for a Bill of Particulars" (Docket # 23) is construed by the Court to be a written interrogatories demand. See Fed. R. Civ. P. 33. As such, plaintiff's motion is **granted**, and defendants are directed to respond to plaintiff's interrogatories as laid out in Docket # 23 at ¶ 15 no later than **February 28, 2017.**

3. During the scheduling conference, defense counsel agreed that his intended motion for a judgment on the pleadings would not impact plaintiff's claim of retaliation under the First Amendment which alleges that defendants "locked Plaintiff out of his work location without pay" and attempted to terminate plaintiff's employment as retaliation for the result plaintiff achieved in a recent completed jury trial in Federal Court. See Murray v. Coleman, et al., 08-CV-6383 (W.D.N.Y. 2016). Accordingly, since this claim is obviously new, discovery may proceed on the First Amendment cause of action. See Amended Complain (Docket # 4) at ¶ 9(a). Defendants are directed to provide to plaintiff mandatory disclosures related to this claim, including plaintiff's employment file and disciplinary records, no later than **March 31, 2017**.

4. In light of defense counsel's stated intent to file a motion for judgment on the pleadings, all other discovery in this case is **stayed** pending the resolution of that dispositive motion. The Court finds that the defendants' position that plaintiff may be estopped from litigating some of his claims in this action because they were litigated in his recently completed jury trial is not frivolous and has not been asserted for purposes of delay. The parties are directed to notify the Court within **one (1) week** of Judge Larimer's decision on the

defendants' dispositive motion so that the Court may meet with the parties and establish a final Scheduling Order.

**SO ORDERED**

/s/ Jonathan W. Feldman
Jonathan W. Feldman
United States Magistrate Judge

Dated: January 31, 2017
       Rochester, New York

**PRO SE NOTICE**

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56 of the Local Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment. Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant.

Plaintiff is required to file and serve the following papers in opposition to defendant's motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a response to each numbered paragraph in the moving party's statement of material facts not is dispute, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried, followed by citation to admissible evidence. Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted.

Plaintiff must serve his/her opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York, or in accordance with the Court's briefing schedule. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office. If plaintiff has any questions, he/she may contact the Pro Se Office.