UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. MURRAY,

                              Plaintiff,

                    v.

TOM TANEA, All in Their Individual, and Official
Capacities Within the New York State Department
of Corrections (DOCCS) and Civil Service, et al.,

                              Defendants.
_____

DECISION AND ORDER

16-CV-6525L

## INTRODUCTION

Plaintiff William Murray commenced this action by filing a *pro se* complaint on July 11,

2016, in the Northern District of New York. (Dkt. #1.) Plaintiff asserted claims under federal

law against fifteen individual defendants, arising out of plaintiff's employment with the New

York State Department of Correctional Services ("DOCS").[1] The action was transferred to this

Court on July 26, 2016. (Dkt. #5.)

Murray is not a newcomer to this Court. He brought an action here in 2008, asserting

claims under 42 U.S.C. § 1983, also arising out of his DOCS employment. In that case, plaintiff

alleged that the defendants violated his constitutional rights to free speech and due process, by

retaliating against him for having reported fraud and wrongdoing within DOCS.

_____

[1] DOCS has been renamed the Department of Corrections and Community Supervision ("DOCCS"). Since
many of the relevant events in this case occurred before that name change, the Court will use "DOCS" throughout
this Decision and Order.

In a July 2, 2014 Decision and Order, *see* 2014 WL 2993748, the Court dismissed some of plaintiff's claims, leaving only his First Amendment claim against nine individual defendants. At the conclusion of a May 2016 trial on those claims, the jury found no cause of action against seven defendants, and for plaintiff against two defendants, John Lempke and Thomas Poole. The jury awarded plaintiff $6500 in economic damages. (08-cv-6383, Dkt. #242.) In a post-trial decision, the Court denied those two defendants' motion for judgment as a matter of law, and awarded plaintiff $20,950 in attorney's fees. 232 F.Supp.3d 311 (W.D.N.Y. 2017).

In the present action, plaintiff filed a second amended complaint on July 14, 2017. (Dkt. #38.) The factual allegations are broadly similar to those in the 2008 action. Plaintiff alleges that beginning in 2004, he has reported to various individuals within DOCS instances of fraud and other wrongdoing at Five Points Correctional Facility, where he is employed as a substance abuse counselor. He alleges that his efforts to report those matters have been thwarted by defendants.

Plaintiff also alleges that he suffers from a back problem that limits his ability to engage in certain physical activities. He alleges that defendants have denied his requests for reasonable accommodations for his disability. In particular, plaintiff alleges that defendants have refused his requests for a transfer to a facility closer to his home. All these allegations echo allegations made in the 2008 action. *See* Dkt. #08-CV-6383 (Dkt. #120).

Plaintiff also alleges in this action that in October 2015, an investigation was launched into his conduct with respect to matters raised in two inmates' grievances. Plaintiff was served with a notice of discipline, and suspended without pay. The matter ended up going before an arbitrator, who upheld some charges, dismissed others, and ordered that plaintiff be reinstated

2

with back pay, less a sum attributable to a two-week suspension, which the arbitrator found justified.

Based on these allegations, plaintiff has asserted two causes of action: (1) a claim under 42 U.S.C. § 1983 for unlawful retaliation against plaintiff, based on his exercise of his rights under the First Amendment; and (2) a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, based on defendants' alleged refusal to reasonably accommodate plaintiff's disability.[2]

On August 1, 2018, defendants moved to dismiss the ADA claim under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. (Dkt. #54.) Defendants contend that they are immune from suit under the doctrine of sovereign immunity, and that plaintiff has failed to state a claim under the ADA, because plaintiff's alleged health condition does not affect his ability to perform his job.[3]

Plaintiff has also moved for an order to compel discovery (Dkt. #50) and a motion for leave to file an amended complaint (Dkt. #52). In his proposed third amended complaint, plaintiff seeks to add new defendants whom, he states, were either omitted from the prior

---

[2] The original and first amended complaints were filed by plaintiff *pro se*. On February 15, 2017, defendants filed a motion for judgment on the pleadings. (Dkt. #31.) On March 22, 2017, attorney Jeffrey Wicks entered his appearance as counsel for plaintiff. (Dkt. #35.) Through counsel, plaintiff filed the second amended complaint on July 14, 2017. (Dkt. #38.) Based on the second amended complaint, defendants' motion for judgment on the pleadings was denied as moot. (Dkt. #41.)

In February 2018, plaintiff informed the Court that he had terminated Wicks as counsel, and that he wished to once again proceed *pro se*. (Dkt. #42.) That request was granted by Order if the Court entered April 4, 2018. (Dkt. #46.)

[3] Although the Notice of Motion states that defendants seek "judgment dismissing the Complaint in its entirety," Dkt. #54 at 1, it is obvious from the supporting papers that defendants move to dismiss only the ADA claim.

complaint through an oversight, or whose alleged wrongdoing he learned about during the arbitration process.

**DISCUSSION**

**I.  Motion to Dismiss**

In support of their motion, defendants argue as follows.  First, that individuals sued in their personal capacities are not subject to suit under the ADA.  Second, that a claim against an individual in his or her official capacity is effectively a claim against the state.  Third, that states are not subject to suit under the ADA, in the context of public-employment claims, under the doctrine of sovereign immunity.  Since all the defendants in this action are state employees, who are sued in both their individual and official capacities, plaintiff's ADA claim must be dismissed in its entirety.

In response, plaintiff argues, "[f]irst and foremost," that his "claims are Title VII claims of the ADA 1990, not Title 1 claims ... ."  Plaintiff's Reply at 2 (Dkt. #58 at 6).  Plaintiff states that although that should have been "overwhelmingly evident by the content of the complaint[, he] requests leave to amend to specifically include Title VII verbiage ... ." *Id.*

Plaintiff's argument is meritless.  First, there is no "Title VII" in the ADA.  The ADA has five main parts, or titles.  These encompass employment (Title I), public services (Title II), public accommodations (Title III), telecommunications (Title IV), and retaliation (Title V).  See 42 U.S.C. §§ 12111-12213.

The only titles that might relate to plaintiff's claims here are Titles I and V.  But insofar as they are relevant to this case, the same principles apply to both.

Many cases from this and other circuits have held that individuals cannot be held personally liable for damages under the ADA, regardless of which title of the ADA is at issue. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("the retaliation provision of the ADA ... cannot provide for individual liability"); *Myers v. N.Y. Dep't of Motor Vehicles*, No. 06-CV-4583, 2013 WL 3990770, at *9 (E.D.N.Y. Aug. 5, 2013) ("[N]umerous district courts in this [C]ircuit have persuasively held that there is no individual liability under Title I or Title II of the ADA, regardless of whether the claim is brought in an individual or official capacity."); *Netti v. Ayers*, No. 17-CV-976, 2017 WL 7542494, at *18 (Oct. 5, 2017) ("individuals cannot be held liable under the ADA") (citing cases). *See also Garcia v. SUNY Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (holding that defendants cannot be sued in their individual capacities for violating Title II of the ADA); *Mason v. Delaware*, Civ. No. 15-1191, 2018 WL 4404067, at *4 (D.Del. Sept. 17, 2018) ("Although the Third Circuit has not yet decided the issue of individual liability under Title V of the ADA, other courts have concluded that there can be no individual liability under Title V when the claim is based on retaliation for the exercise of rights under Tide I of the ADA") (citing cases). Thus, plaintiff's ADA claims against all the defendants, insofar as they are sued in their individual capacities, must be dismissed.

If plaintiff's reference to Title VII is meant to refer to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2, that affords him no help. "Title VII does not impose personal liability on individuals, even when they are supervisors." *Douyon v. N.Y.C. Dep't of Educ.*, 665 Fed.Appx. 54, 58 n.3 (2d Cir. 2016) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct.

2257, 141 L.Ed.2d 633 (1998)).  Defendants, individually, are no more liable for damages under Title VII than under the ADA.

Second, Title VII does not directly relate to this case.  The ADA incorporates some of Title VII's standards of liability, *see Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 16 (1st Cir. 1997) ("The ADA incorporates the procedures and enforcement mechanisms of Title VII"), but Title VII, which prohibits employment discrimination based on race, color, religion, sex, and national origin, does not directly apply to plaintiff's claims in this action, which are based on disability discrimination.

Thus, the only claim left to plaintiff under the ADA would be a claim against New York State.  Although plaintiff has not expressly named the state as a defendant, he has named all the defendants in both their individual and official capacities.  To the extent that defendants are sued in their official capacities, plaintiff's claims are effectively claims against the state.  *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (stating that a suit against a state official for damages in his official capacity "is deemed to be a suit against the state"); *accord Jackson v. Heer*, 322 F.Supp.3d 406, 409 (W.D.N.Y. 2018) (citing *Ying Jing Gan*).

But any such claim fails under the doctrine of sovereign immunity.  "Congress has not abrogated the states' sovereign immunity from suit under Title I of the ADA."  *Baez v. New York*, 629 Fed.Appx. 116, 118 (2d Cir. 2015).  *See also Dollinger v. N.Y.S. Ins. Fund*, 726 Fed.Appx. 828, 831 (2d Cir. 2018) (affirming dismissal of ADA claims, in part on grounds of sovereign immunity).

That principle has been extended to claims under Title V of the ADA.  "New York and New York agencies are protected by Eleventh Amendment immunity from suits for money

damages brought under Titles I (discrimination) and V (retaliation) of the ADA." *Schiavone v. New York State Office of Rent Admin.*, No. 18-cv-130, 2018 WL 5777029, at *3 (S.D.N.Y. Nov. 2, 2018) (citing *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001), and several district court cases from the Second Circuit)). There are some narrow exceptions to sovereign immunity, such as claims for prospective injunctive relief to prevent an ongoing violation of federal law, *see, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005), but plaintiff seeks no such relief here. The relief that plaintiff seeks is purely monetary. *See* Dkt. #38 at 15. Such claims against the state are barred.

Defendants also argue, with respect to plaintiff's ADA claim, that employers have no duty to provide accommodations for activities that fall outside the scope of the plaintiff's employment. They contend that plaintiff's complaint that defendants refused his transfer request to a correctional facility closer to his home is encompassed by that principle.

In response to defendants' argument, plaintiff states that "New York State ... ha[s] in place a directive allowing transfer as an option for reasonable accommodation," but in support of that assertion he cites a case from Texas, *Emrick v. Libbey-Owens-Ford Co.*, 875 F.Supp.393 (E.D.Tex. 1995), which did not address New York law. Aside from that, the court in *Emrick* held "as a matter of law [that the defendant] LOF was not required by the ADA to offer Emrick a transfer to another LOF facility as an attempt to reasonably accommodate his disability." *Id.* at 398.

Regardless of whether transfer to a different facility was an "option" in this case, the ADA did not require defendants to exercise that option. *See Blickle v. Illinois Department of Children and Family Services*, No. 12 C 9795, 2015 WL 5693081, at *4 (N.D.Ill. Sept. 28, 2015)

("employers are not required to provide accommodations for an employee's commute to work") (citing cases); *Dudley v. New York City Hous. Auth.*, No. 12 Civ. 2771, 2014 WL 5003799, at *35 (S.D.N.Y. Sept. 30, 2014) (stating that "[t]he ADA does not obligate the employer to meet the personal preferences of disabled employees" and that "[a]ccommodations need only be 'sufficient to meet the job-related needs of the individual being accommodated.' Difficulties commuting to a job need not be accommodated") (quoting *Raffaele v. City of New York*, No. 00-CV-3837, 2004 WL 1969869, at *16 (E.D.N.Y. Sept. 7, 2004)). Plaintiff may have preferred a transfer, but he has not alleged any reason why defendants were required under the ADA to transfer him to a different facility.

## II. Motion to Amend

In his motion to amend the complaint, plaintiff seeks to add four new defendants–John Lempke, Tom Corcoran, Kevin Ryan and Melina Hazlian–and a claim for punitive damages. Hazlian and Ryan are only named in connection with plaintiff's First Amendment claim, and the proposed claim for punitive damages is made only in the ADA claim.

To the extent that plaintiff seeks to add Lempke and Corcoran, or a claim for punitive damages, to his ADA claim, his motion is denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court has discretion to deny motion to amend when amendment would be futile). "An amendment to a pleading is futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). For the reasons stated above, the ADA claim must be dismissed, and adding two more defendants or a claim for punitive damages would not alter that result.

Plaintiff's motion to add the abovementioned four defendants to his First Amendment claim is granted. Defendants have not moved against that claim, and I see no undue prejudice to them in permitting this amendment, or any other reason to deny leave to amend. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, __ Fed.Appx. __, 2018 WL 6331609, at *2 (2d Cir. 2018) ("leave to amend should be freely granted," absent "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party") (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).[4]


## CONCLUSION

Defendants' motion to dismiss plaintiff's second cause of action, which asserts a claim under the Americans with Disabilities Act (Dkt. #54) is granted, and the second cause of action is dismissed.

Plaintiff's motion for leave to amend his complaint (Dkt. #52) is granted in part and denied in part. Plaintiff's request for leave to add as defendants John Lempke, Tom Corcoran, Kevin Ryan, and Melina Hazlian to his first cause of action is granted. In all other respects, the motion is denied.

---

[4] Plaintiff's motion to compel discovery (Dkt. #50) has been referred to Magistrate Judge Jonathan W. Feldman. Plaintiff has also filed a "letter motion" (Dkt. #56), which appears to be little more than a followup or addendum to his motions to compel and for leave to amend. To the extent that the instant Decision and Order has not addressed the matters raised in those motions, those motions will be decided by Magistrate Judge Feldman.

Plaintiff is directed to file an amended complaint, complying with this Decision and Order and which will replace and supplant all prior complaints in this action, no later than twenty (20) days after the filing of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 19, 2019.